UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRED REEVES, #241575,

                Plaintiff,                        CIVIL ACTION NO. 09-10825

                v.                           DISTRICT JUDGE GERALD E. ROSEN

D. SPAULDING, Food Service            MAGISTRATE JUDGE MARK A. RANDON
Director, ASSISTANT ATTORNEY
GENERAL, P. ILLIG, PEGGY
OATLEY, LAMBLIN, D. WILLS,
C. MORRISON, WOOD, STANLEY,
KORTMAN, and T. BIRKETT, Warden,

                Defendants.
_____/


**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

       Plaintiff, an inmate in the custody of the Michigan Department of Corrections

("MDOC"), filed suit alleging a claim cognizable as a 42 U.S.C. § 1983 action for denial of

adequate medical care.  On April 22, 2009, Plaintiff filed a motion seeking leave to file an

amended complaint (Dkt. No. 3).  After Defendants were served, Plaintiff filed a second motion

to amend his complaint (Dkt. No. 24).  Both motions seek to add a request for monetary damages

against each defendant.  The case was referred to the undersigned for all pre-trial proceedings

pursuant to 28 U.S.C.§636(b)(1)(A).  For the following reasons, IT IS ORDERED that Plaintiff's

second motion to amend (Dkt. No. 24) is GRANTED, and his first motion to amend (Dkt. No. 3) is DENIED as moot.

## OPINION

When a party seeks to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  When a motion for leave to amend is before the court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.*  However, since the decision to grant leave to amend is not automatic, the court is to consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

Plaintiff's motions to amend seek only to add compensatory and punitive damages to the relief requested in his original complaint.  Since both types of damages are permissible in §1983 cases,[1] and none of the considerations above apply at this time, IT IS ORDERED that page 36 of Plaintiff's original complaint be amended as indicated in Docket Number 24.

---

[1] *See, for example, Carey v. Piphus*, 435 U.S. 247 (1978) (compensatory damages), and *Smith v. Wade*, 461 U.S. 30 (1983) (punitive damages).

IT IS FURTHER ORDERED that Plaintiff's first request to amend his complaint (Dkt. No. 3) IS DENIED as moot.

The parties to this action may object to and seek review of this Order through an appeal to the district judge, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  See also E.D. Mich. LR 72.1(d)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed appeal, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue raised in the appeal.

**SO ORDERED.**

S/Mark A. Randon                                    
Mark A. Randon
United States Magistrate Judge

Dated:  August 5, 2009

Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 5, 2009, by electronic and/or ordinary mail.

S/Melody Miles                                    
Case Manager

- 3 -